UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVA TAYLOR

      Plaintiff,

v.                                                                                  Civil Case No. 14-12526
                                                                  Honorable Linda V. Parker

ZELLEN & ZELLEN, PLLC,
MICHAEL JONES, and
VICTOR LOTYCZ,

      Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS FILED BY DEFENDANTS VICTOR LOTYCZ AND MICHAEL JONES [ECF NO. 8]

Plaintiff filed this lawsuit on June 26, 2014, seeking damages for the alleged violations of her civil rights and state law arising from the execution of an Order to Seize Property by Defendants Michael Jones ("Jones") and Victor Lotycz ("Lotycz") (collectively "Defendants").[1] Plaintiff alleges that Defendants "fraudulently claim[ed] to be court officers" when they executed the Order to Seize Property (hereafter also "Order"). (ECF No. 1 ¶ 7.) She also claims that the Order had expired when Jones seized her property in June 2014. (*Id*., Facts ¶ 16.) Plaintiff asserts the following claims against Defendants in her Complaint: (I)

---

[1] Defendant Zellen & Zellen, PLLC was dismissed as a party pursuant to a stipulated order on August 15, 2014. (ECF No. 12.)

violation of her Fourteenth Amendment rights under 42 U.S.C. § 1983; (II) conspiracy; (III) fraud; (IV) abuse of process; (V) intentional infliction of emotional distress ("IIED"); (VI) intrusion; and (VII) conversion.

On July 16, 2014, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6). (ECF No. 8.) Plaintiff filed a response to the motion on September 29, 2014. (ECF No. 14.) This Court has held the motion in abeyance pending its assessment of whether there is federal subject matter jurisdiction over Plaintiff's Complaint. (*See* ECF No. 15.) Having resolved the issue, finding that subject matter jurisdiction exists under 28 U.S.C. § 1331, the Court now addresses Defendants' motion. The Court has concluded that oral argument will not aid in its disposition of Defendants' motion and therefore dispensed with oral argument pursuant to Rule 7.1(f). (ECF No. 24.)

## Standard of Review

Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6).[2] With respect to Rules 12(b)(4) and

---

[2] Although Defendants refer to Rule 12(b)(2), they do not raise the issue of whether they have "sufficient contacts, ties, or relationships with the forum to give the court the right to exercise judicial power over the[m]-- an issue that typically implicates a jurisdictional statute or rule and quite frequently the Due Process Clause of the Constitution as well." 5B Charles Alan Wright & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1351 (3d ed. 2014). It is correct to say that the court lacks personal jurisdiction over a defendant if there is insufficient service of process. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Service of
(Cont'd)

(5), Defendants contend that Plaintiff failed to serve Jones with the Summons and copy of her Complaint in accordance with the federal rules.  The Fifth Circuit Court of Appeals has clarified the difference between these two subdivisions of Rule 12(b): "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.' " *Gartin v. Par Pharm. Co.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 1353 (3d ed.)). The treatise further explains:

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare.

---

summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.") (quotation marks omitted).  However, the primary question presented by Defendants' motion is whether service on Jones was proper.  Thus the Court is applying the standard applicable to motions brought under Rule 12(b)(5), rather than the standard applicable to a Rule 12(b)(2) challenge.

Federal Practice and Procedure Civil § 1353 (footnotes omitted). Because Defendants contest the mode of delivery of the Summons and Complaint, the Court will review their challenge under Rule 12(b)(5).

The plaintiff bears the burden of proving that proper service was effected. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994). Facts in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5). *See Metro. Alloys Corp. v. State Metals Industries, Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *Shires v. Magnavox Co.*, 74 F.R.D. 373, 376-77 (E.D. Tenn. 1977); *see also Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) ("a judge may make factual findings necessary to resolve motions to dismiss for lack of personal jurisdiction, improper venue, and ineffective service of process").

In comparison, when deciding a Rule 12(b)(6) motion, the court generally may rely only on the allegations in the plaintiff's complaint and must accept those factual allegations as true. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). If the court considers matters outside the pleadings, it must convert the motion into one for summary judgment under Rule 56 and "give the parties a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' "

4

*Kostrzewa*, 247 F.3d at 643-44 (quoting Fed. R. Civ. P. 12(d)).  However certain outside matters may be considered by the court without converting the motion into one for summary judgment, such as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]" *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).  The Sixth Circuit also has "held that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Id.* (internal quotation marks and citations omitted).

  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court has provided, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id*.; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

## Factual Background

According to Plaintiff's Complaint, Jones came to her home on November 11, 2013, identified himself as a court officer, and showed her the Order to Seize Property. (Compl., Facts ¶¶ 7, 8.) The Order had been issued by the 22nd Judicial District Court, State of Michigan, to satisfy a judgment Echo Management

Services, LLC had obtained against Plaintiff on August 7, 2013. (ECF No. 8, Ex. B.) The total amount of the unsatisfied judgment, which included interest, was $ 952.85. (*Id.* ¶¶ 1-2.) The Order provided that "[s]tatutory interest, officer/sheriff fees, and expenses may be charged in addition to the unpaid judgment balance, according to law." (*Id.* ¶ 3.)

Plaintiff alleges that Jones "repeatedly threatened" her, "informing her that if she did not cooperate and give her money specified in the Order to Seize Property, he would and could have her arrested." (Compl., Facts ¶ 10.) She also alleges that Jones claimed to be acting in conjunction with Lotycz and that Lotycz had approved Jones' actions. (*Id.* ¶ 11.) Plaintiff asserts that Defendants "fraudulently claim[ed] to be court officers, authorized to execute an Order to Seize Property against Plaintiff", and therefore unlawfully seized her property." (*See* Compl. ¶¶ 7, Facts ¶¶ 7-8.) Although not expressly stated in the Complaint, Jones apparently seized one of Plaintiff's vehicles when he first came to her house on November 11, 2013.

According to Plaintiff, Jones returned to her home on or about June 15, 2014, and asserted that the value of the previously seized automobile was insufficient to pay off the judgment. (*Id.* ¶ 14.) Plaintiff alleges that Jones then seized a second vehicle belonging to her. (*Id.* ¶ 15.)

7

**Service of Process**

Plaintiff filed a certificate of service, signed by her process server under penalty of perjury, representing that Jones was personally served with the Summons and copy of the Complaint at a specified address. (ECF No. 6.) In their brief submitted in support of their motion to dismiss, Defendants state that Jones was not personally served; instead, the process server placed the pleadings under the windshield wiper of a vehicle parked in Jones' driveway. (ECF No. 8 at Pg ID 24.) Defendants fail to indicate whether Jones was inside or near the vehicle at the time. Defendants assert that "[h]ome surveillance video is available to prove this fact." (*Id.*)

Plaintiff's certificate of service provides prima facie evidence that Jones was properly served, which is subject to rebuttal by Defendants.[3]  *See* Fed. R. Civ. P.

---

[3] In accordance with the Federal Rules of Civil Procedure, service of the Summons and Complaint on Defendants could have been accomplished by following Michigan law for serving a summons or:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In addition to the method described in subsection (A), Michigan law allows for service on an individual by "sending a summons and a (Cont'd)

12, Rule Commentary (citing *Blair v. City of Worcester*, 522 F.3d 105, 111-12 (1st Cir. 2008) (citing cases); *Thomas v. New Leaders for New Schools*, 278 F.R.D. 347, 351 (E.D. La. 2011)). Defendants have not properly refuted this evidence. They have not submitted an affidavit or any other evidence to support the factual assertions in their pleading. They have not offered the surveillance video for the Court's consideration. Thus the Court concludes that their motion to dismiss for lack of service on Jones must be denied.

In any event, even if Jones was not properly served, dismissal is not necessarily the proper remedy. As one judge in this District has indicated:

> Courts have broad discretion to dismiss an action that involves improper service. *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). Nevertheless, dismissal is not invariably required where service is ineffective-- under such circumstances a court has discretion to either dismiss the action or quash service but retain the case for proper service later.

*Rojek v. Catholic Charities, Inc.*, No. No. 08-14492, 2009 WL 3834013, at *3 (E.D. Mich. Nov. 16, 2009) (Rosen, C.J.) (citing *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994) (Cook, J.)) (citing *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952); *Maichok v. Bertha–Consumers Co.*, 25 F.2d 257 (6th Cir. 1928)).

---

copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." MCR 2.105(A)(2).

**Failure to State a Claim**

Plaintiff premises this Court's jurisdiction over her Complaint on her § 1983 claim. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim under this statute, a plaintiff must set forth those facts that– when construed favorably– establish "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

In their motion to dismiss, Defendants argue that Plaintiff fails to state a viable § 1983 claim because they seized her property pursuant to a lawful, valid Michigan state court order that has not been challenged or set aside.[4] Plaintiff contends in response that the Order to Seize Property did not authorize Jones to

---

[4] Defendants also argue that they were acting "essentially as receivers" and that receivers cannot be sued without leave of the appointing court. (ECF No. 8 at Pg ID 25-27.) Plaintiff jumps on Defendants' phrasing, charging that they "waffle" because the claim is "a bald-faced lie." (ECF No. 14 at Pg ID 85.) Whether Defendants are receivers is actually a red-herring. The Court finds no reason to delve into the issue.

collect on it more than ninety (90) days after the effective date and that the seizure of her second automobile occurred after that deadline. She also continues to challenge Defendants' appointment as court officers with authority to execute the Order, arguing that "[n]either Jones nor Lotycz met the criteria required in the [Michigan] court rules or the [state] statute for seizing [her] property." (ECF No. 14 at Pg ID 89.)

First, Plaintiff is incorrect as a matter of law with respect to her claim that the Order to Seize Property expired before her second vehicle was seized. The plain language of the Order-- specifically paragraphs six and seven-- provides that the executing officer may complete the service and return after the return date *provided* service was begun on or before the return date.[5] (*See* ECF No. 8, Ex. B.) The facts alleged in Plaintiff's Complaint establish that Jones began service and

---

[5] Paragraphs 6 and 7 of the Order read:

> 6. You must endorse the month, day, year, and hour that you receive this order, and that time is the effective date of this order. You must return this order not less than 20 days, nor more than 90 days, from the effective date. *If you have begun to serve this order on or before the return date*, you may complete the service and return after the return date.
>
> 7. You may not continue collecting on this order after the return date *except as indicated in item 6*.

(ECF No. 8, Ex. B (emphasis added).) Jones endorsed the Order on November 1, 2013, at 10:00 a.m. (*Id.*)

11

return before the return date. (Compl., Facts ¶ 7; ECF No. 8, Ex. B ¶ 6.) In any event, Plaintiff's arguments challenging the lawfulness of the seizure-- including her claim that Defendants have not satisfied the criteria required for appointment as court officers (*see* ECF No. 14 at Pg ID 89)-- assert nothing more than violations of a Michigan statute or court rule.[6]

Violations of state law are not cognizable under § 1983, which provides redress for denial of federally protected civil rights. *See Standley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983."); *see also Neinast v. Bd. of Trustees of Columbus Metro. Library*, 346 F.3d 585, 597 (6th Cir. 2003) (finding that the plaintiff's challenge to the authority

---

[6] Plaintiff indicates that under Michigan Court Rule 3.106 and Michigan Compiled Laws Section 600.601, et seq., the following must occur for an individual to be deemed a court officer authorized to seize property from a judgment debtor: the individual must apply to the court, in writing, and provide a bond; the chief judge of the court must appoint the individual in writing; and, the State Court Administrator's Office must be notified of the appointment. (ECF No. 14 at Pg ID 89.) Defendants' badges are signed by the Honorable Sabrina Johnson, Chief Judge of the 22nd District Court. (ECF No. 8, Ex. A); *see also* http://www.cityofinkster.com/Government/22ndDistrictCourt/Overview.asp. To aid the Court in determining whether it has subject matter jurisdiction, Defendants also submitted documentation reflecting that they have posted a bond. (ECF No. 18, Exs. B, C.) This evidence, however, is not properly considered in deciding Defendants' Rule 12(b)(6) motion. *See supra*. While the Court could convert Defendants' motion to one brought under Rule 56, it finds consideration of the evidence unnecessary to decide whether Plaintiff states a viable § 1983 claim and, for the reasons stated *infra*, is not addressing Plaintiff's state law claims.

of the Board's Executive Director to create and enforce an external regulation "turns upon a question of state law-namely, the amount of rulemaking authority the Board properly can delegate to its Executive Director under Ohio Revised Code § 375.40-and thus falls outside the scope of § 1983.") Importantly, Plaintiff does not challenge the legality of the Order to Seize Property, itself, or claim that she was denied due process in its issuance. She is only challenging Defendants' authority under state law to execute the Order. Her § 1983 claim against Defendants therefore fails as a matter of law. Plaintiff's remaining claims arise under state law, and this Court has only supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(a).

Section 1367 grants the district courts with the discretion to "decline to exercise supplemental jurisdiction over a claim . . . if [inter alia] . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). In *Carlsbad Technologies, Inc. v. HIF Bio, Inc.*, the Supreme Court emphasized that once a district court has dismissed all claims over which it possessed independent jurisdiction, the decision regarding whether to exercise supplemental jurisdiction over remaining state-law claims is "purely discretionary." 556 U.S. 635, 639-40 (2009). In deciding whether to retain jurisdiction over state-law claims, a district court should engage in a multi-factor balancing test considering the "values of judicial economy, convenience, fairness,

and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Of particular consequence in this case, when a district court dismisses all claims over which it had original jurisdiction prior to trial, the Sixth Circuit has found that the balance of considerations is likely to weigh in favor of declining to exercise supplemental jurisdiction. *Gamel*, 625 F.3d at 952 (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1254-1255 (6th Cir.1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.")).

Having concluded that Plaintiff fails to state a viable § 1983 claim-- the sole claim over which the Court had original jurisdiction-- the Court is exercising its discretion to not assert supplemental jurisdiction over the state law claims asserted in her Complaint. First, the viability of Plaintiff's remaining claims depend upon state court rules and procedures related to the execution of judgments with which the state courts have more experience and familiarity. Second, this case has not advanced far in federal court. Defendants have yet to file an answer to Plaintiff's Complaint and no discovery has been conducted. Thus the Court believes that dismissal of the remaining counts without prejudice is the proper course of action.

Accordingly,

**IT IS ORDERED**, that Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED** in that Plaintiff's claim alleging a violation of 42 U.S.C. § 1983 (Count I) is **DISMISSED WITH PREJUDICE** and her state law claims (Counts II-VII) are **DISMISSED WITHOUT PREJUDICE**.

        s/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: February 4, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 4, 2015, by electronic and/or U.S. First Class mail.

        s/ Richard Loury
        Case Manager